IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

IN ADMIRALTY

CASE NO. 11-23070-CIV-SCOLA/Bandstra

IN RE THE COMPLAINT OF:
ROYAL CARIBBEAN CRUISES LTD.,
as owner of the two unnamed 2010 Seadoo
GTI-130 vessels, for Exoneration from
or Limitation of Liability.
_____/

## PETITIONER'S ANSWER AND AFFIRMATIVE DEFENSES TO CLAIMANT'S AMENDED COUNTERCLAIM

Petitioner, ROYAL CARIBBEAN CRUISES LTD. ("RCCL"), by and through undersigned counsel and pursuant to the applicable rules of the Federal Rules of Civil Procedure, hereby answers Claimant's Amended Counterclaim and asserts affirmative defenses as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Denied.

2. Petitioner admits, for purposes of this litigation only, that Claimant was a passenger on the Monarch of the Seas. Petitioner also admits that Claimant participated on a jet ski excursion that was owned and operated by the Petitioner. The remainder of this paragraph is denied as petitioner is without knowledge.

3. Petitioner admits, for purposes of this litigation only, that this Court has personal jurisdiction over the Petitioner.

4. Admitted that the Petitioner owned and operated the Monarch of the Seas at the time of the incident which is the subject of this action and that Petitioner operated the subject excursion. The remainder of this paragraph is denied.

5. Admitted that Claimant was a passenger aboard the Monarch of the Seas on February 27, 2011, that Petitioner owned and operated the Monarch of the Seas on February 27, 2011, and that Petitioner owned and operated the subject excursion. The remainder of this paragraph is denied.

6. Admitted that the subject jet skis and the Monarch of the Seas were in navigable waters on February 27, 2011. Admitted that CocoCay is reserved exclusively for Royal Caribbean guests. The remainder of this paragraph is denied, including the footnote.

7. Admitted, for purposes of this litigation only, that Claimant was a passenger on one of the subject Seadoo vessels at the time of the subject incident and that she paid for and participated in the subject excursion.

8. Admitted, for purposes of this litigation only, that this Court has personal jurisdiction over the petitioner. Admitted that Petitioner required Claimant to file any suit arising out of her passenger ticket contract and the subject cruise in this district.

9. Denied.

10. Admitted.

11. Denied.

12. Admitted that the claimant paid for and participated in a wave jet tour excursion on CocoCay on February 27, 2011 which is a guided Jet Ski ride around CocoCay. Admitted that there is a guide who directed participants on the tour when they were allowed to proceed. The remainder of this paragraph is denied, including footnotes.

13. Denied.

14. Admitted that as circumscribed by General Maritime Law, a ship owner has a duty to provide reasonable care under the circumstances.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted that the Claimant purchased tickets for the subject excursion. The remainder of this paragraph is denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted.

25. Admitted that this case is within the maritime jurisdiction of this Court and is subject

to the General Maritime Law. The remainder of this paragraph is denied.

26. Denied.

## COUNT I
## NEGLIGENCE AGAINST ROYAL CARIBBEAN CRUISE LINE

27. Petitioner readopts its responses to paragraphs 1 through 26.

28. Admitted that as circumscribed by the General Maritime Law, a ship owner has a duty to provide reasonable care under the circumstances.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied, including all subparts.

34. Denied.

35. Denied.

Petitioner denies Claimant is entitled to recover any damages and demands strict proof thereof. Each and every allegation not specifically admitted herein is denied.

## REQUEST FOR JURY

Petitioner denies that Claimant is entitled to trial by jury, as limitation actions are tried to the Bench.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, the Petitioner states as follows:

## FIRST AFFIRMATIVE DEFENSE

For its first affirmative defense to the Amended Complaint, Petitioner asserts that Claimant's claims are governed by general maritime law and that any recovery is limited by same.

## SECOND AFFIRMATIVE DEFENSE

For its second, separate, and affirmative defense to the Amended Complaint, Petitioner alleges that the incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Petitioner had no duty to protect Claimant.

### THIRD AFFIRMATIVE DEFENSE

For its third affirmative defense to the Amended Complaint, Petitioner alleges that Claimant failed to reasonably exercise care and diligence to avoid loss and to minimize damages. Therefore, Claimant's recovery, if any, should be reduced by her failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

For its fourth affirmative defense to the Amended Complaint, Petitioner alleges that the damages allegedly suffered by Claimant were not caused by any act or omission on the part of the Petitioner, and were caused by other trauma or illness suffered by Claimant in her lifetime.

### FIFTH AFFIRMATIVE DEFENSE

For its fifth affirmative defense to the Amended Complaint, Petitioner alleges that because of the conduct, acts, and/or omissions of Claimant, Claimant is estopped from claiming the damages alleged in the Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

For it's sixth affirmative defense to the Amended Complaint, Petitioner alleges that because of Claimant's conduct, acts, and omissions Claimant has waived any claim to the damages alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

For its seventh affirmative defense to the Amended Complaint, Petitioner alleges that if it is liable to the Claimant for damages as alleged, the existence of which Petitioner expressly denies, Claimant's damages must be reduced by the amount attributable to Claimant's comparative fault.

### EIGHTH AFFIRMATIVE DEFENSE

For its eighth affirmative defense to the Amended Complaint, Petitioner alleges that it is not legally responsible in any fashion for the damages and injures alleged by the Claimant; however, in the event Petitioner is held liable, said liability, which Petitioner expressly denies, is due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness, and/or negligence of others. Therefore, any recovery obtained by Claimant against Petitioner should be reduced in proportion to the respective negligence, fault, and legal responsibility of all other parties, persons, and entities, including their agents, servants, and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative fault. The liability of Petitioner, if any, the existence of which Petitioner expressly denies, is to be limited to the percentage of fault actually attributable to the Petitioner, if any.

### NINTH AFFIRMATIVE DEFENSE

For its ninth affirmative defense to the Amended Complaint, Petitioner maintains that it is not liable for any and all of the allegations of the Amended Complaint, and that at the time of trial, the names of all responsible persons or entities should appear on the verdict form so that liability may be apportioned pursuant to Florida Statute §768.81(3).

### TENTH AFFIRMATIVE DEFENSE

For its tenth affirmative defense, Petitioner alleges that any amount awarded to Claimant should be reduced or set off by the total of all amounts which have been paid or will be paid for the benefit of Claimant by or from any collateral source pursuant to Florida Statute §768.76.

### ELEVENTH AFFIRMATIVE DEFENSE

For its eleventh affirmative defense, Petitioner alleges that Claimant's injuries, if any, were the result of a pre-existing injury or illness, which was not aggravated by the alleged incident. In the alternative, if any pre-existing injury or illness was aggravated by any alleged incident, Claimant is only entitled to reimbursement for the degree or aggravation, and any recovery obtained herein must be reduced and limited to that degree of aggravation.

### TWELFTH AFFIRMATIVE DEFENSE

For its twelfth affirmative defense, Petitioner alleges that if it is found liable to the Claimant for damages, the existence of which Petitioner expressly denies, the measure of any such damages must be limited to the amount foreseeable and within the contemplation of the parties, if any, as portions of this action sound in contract.

### THIRTEENTH AFFIRMATIVE DEFENSE

For its thirteenth affirmative defense to the Amended Complaint and each of its purported causes of action, Petitioner alleges that Claimant did not exercise ordinary care, caution, or prudence for her welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Petitioner expressly denies, and by this failure to do so, Claimant thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which Petitioner expressly denies.

### FOURTEENTH AFFIRMATIVE DEFENSE

For its fourteenth affirmative defense, Petitioner alleges that there was no negligence on the part of the Petitioner.

## FIFTEENTH AFFIRMATIVE DEFENSE

For its fifteenth affirmative defense, Petitioner alleges that Claimant's alleged injuries and damages are solely the result of the unforeseeable negligence on the part of persons or entities other than the Petitioner and such negligence intervened and superseded any alleged negligence of the Petitioner, which negligence is denied. Therefore, Petitioner is not the cause of the injuries and damages alleged by Claimant and Claimant is barred from recovery against Petitioner. Alternatively, any recovery must be diminished in proportion to the negligence of those other persons or entities.

## SIXTEENTH AFFIRMATIVE DEFENSE

For its sixteenth affirmative defense, Petitioner alleges that Claimant's injuries and damages, if any, were caused, in whole or in part, by the acts or omissions of third parties over whom Petitioner had no control such that Claimant's damages are not actionable against the Petitioner.

## SEVENTEENTH AFFIRMATIVE DEFENSE

For its seventeenth affirmative defense, Petitioner states that the subject incident was not the proximate cause of Claimant's alleged injuries and damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

For its eighteenth affirmative defense, the vessel's appurtenances, fixtures and equipment attached thereto and provided to the Claimant were in good and reasonable working order.

## NINETEENTH AFFIRMATIVE DEFENSE

For its nineteenth affirmative defense, Petitioner states that any negligence and any losses, damages, or injuries resulting therefrom were done, occasioned and incurred without the privity or knowledge of the Petitioner within the meaning of 46 U.S.C. §30506(e).

## TWENTIETH AFFIRMATIVE DEFENSE

For its twentieth affirmative defense, Petitioner alleges that Claimant's own negligence was the sole, proximate cause of her alleged injuries and damages, if any, and accordingly, Claimant's claims are barred as a matter of law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

For its twenty-first affirmative defense, Petitioner asserts that it fully discharged its duties to the Claimant by warning of any and all dangerous or hazardous conditions, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

For its twenty-second affirmative defense, Petitioner asserts that the alleged dangerous condition, if any, was apparent, open and obvious, and should have been observed by the Claimant

in the ordinary use of her senses.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

For its twenty-third affirmative defense, Petitioner asserts that Claimant had actual knowledge and/or notice of any alleged dangerous condition, if any, and realized and appreciated the potential for injury as a result of such alleged condition, and having a reasonable opportunity to avoid it, consciously and voluntarily exposed herself to same.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

For its twenty-fourth affirmative defense, Petitioner asserts that it did not have actual or constructive notice of the allegedly dangerous condition, if any, and therefore did not have a duty to warn Claimant as to the existence of same.

WHEREFORE, the Petitioner requests that Claimant take nothing by way of her Amended Complaint and that her Amended Complaint be dismissed with prejudice as a matter of law and any other such further or additional relief as this Court deems just and proper.

Respectfully submitted this 30th day of April, 2012.

> **FOREMAN FRIEDMAN, PA**
> *Attorneys for Petitioners*
> One Biscayne Tower - Suite 2300
> 2 South Biscayne Boulevard
> Miami, Florida 33131
> Tel.: (305) 358-6555
> Fax.: (305) 374-9077
>
>
> By:/s / Elisha Sullivan
> **DARREN W. FRIEDMAN**
> Florida Bar No.: 0146765
> dfriedman@fflegal.com
> **ELISHA SULLIVAN**
> Florida Bar No.: 0057559
> esullivan@fflegal.com
> *Counsel for Petitioner*
>
> -and-
>
> RANDY S. GINSBERG, ESQ.
> Florida Bar No.: 185485
> rginsberg@rccl.com
> Royal Caribbean Cruises, Ltd.

1050 Caribbean Way
Miami, FL 33132
*Co-Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2012, I served the foregoing document on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BY: /*s*/ **Elisha Sullivan**
Elisha Sullivan, Esq.

## SERVICE LIST
### CASE NO. 11-cv-23070-SCOLA/Bandstra

Glenn J. Holzberg, Esq.
glenn@holzberglegal.com
Law Office of Glenn J. Holzberg
Offices at Pinecrest II – Suite 220
7685 SW 104 Street
Miami, Florida 33156
Tel: 305-668-6410/Fax: 305-667-6161
*Attorney for Claimant*

Darren W. Friedman, Esq.
dfriedman@fflegal.com
Elisha Sullivan, Esq.
esullivan@fflegal.com
Foreman Friedman, P.A.
One Biscayne Tower, Suite 2300
South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555/Fax: 305-374-9077
*Attorneys for Petitioner*

Philip D. Parrish, Esq.
phil@parrishappeals.com
Philip D. Parrish, PA
7301 SW 57th Court – Suite 430
Miami, Florida 33143
Tel: 305-670-5550/Fax: 305-670-5552
*Attorney for Claimant*

Randy S. Ginsberg, Esq.
rginsberg@rccl.com
Royal Caribbean Cruises, Ltd.
1050 Caribbean Way
Miami, FL 33132
*Co-Counsel for Petitioner*